ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 APR 26 A 8:57

CLERK _____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALTON L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-011 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The R&R recommends that this case be remanded due to the failure of the Administrative Law Judge ("ALJ") to demonstrate in his decision that: 1) he considered the full record in determining whether Plaintiff's carpal tunnel syndrome qualified as a severe impairment;[1] and 2) he evaluated how the exacerbating effects of Plaintiff's obesity on his other severe impairments affected his Residual Functional Capacity ("RFC"). (Doc. no. 15, pp. 12-15,

---

[1] The Commissioner insists in his objections that the Magistrate Judge "determined that Plaintiff's carpal tunnel was a severe impairment." (Doc. no. 17, p. 2.) This statement reflects a flawed understanding of the Magistrate Judge's R&R, as no such determination was made. Rather, the Magistrate Judge specifically found that the ALJ had failed to consider the full record in determining if Plaintiff's carpal tunnel syndrome was a severe impairment. (Doc. no. 15, p. 15.) The Magistrate Judge gave no opinion as to whether Plaintiff's carpal tunnel syndrome should or should not be considered a severe impairment upon consideration of the full record. (See id.)

17-20.) The Commissioner argues in his objection that the ALJ's failure to designate Plaintiff's carpal tunnel syndrome as a severe impairment was harmless error.[2] The Commissioner also contends that Plaintiff is not entitled to remand based on the ALJ's failure to properly consider the exacerbating effects of Plaintiff's obesity because Plaintiff did not cite to specific evidence to demonstrate a limitation caused by obesity that the ALJ failed to account for. (Doc. no. 17, pp. 2-4.)

As noted by the Magistrate Judge, the Commissioner's argument that, if the ALJ erred in not considering Plaintiff's carpal syndrome a serious impairment, it was harmless error, cannot stand in the face of remand based on the ALJ's failure to properly assess the exacerbating effects of Plaintiff's obesity. (See doc. no. 15, p. 15.) This is because the Commissioner's argument for harmless error hinges on the assertion that Plaintiff would still be able to perform the position of gate guard, despite any functional limitations in his handling ability caused by his carpal tunnel syndrome. (Doc. no. 17, p. 2 n.1.) However, as stated in the Magistrate Judge's R&R, a remand based on the ALJ's failure to account for the exacerbating effects of Plaintiff's obesity on his other severe impairments could alter the hypotheticals posed by the ALJ and therefore, the occupations identified by a Vocational Expert at subsequent hearings. (Doc. no. 15, p. 15 n.2.)

As such, the Court will first consider the Commissioner's argument that Plaintiff's failure to cite specific evidence of a limitation caused by obesity and not accounted for by the ALJ, precludes remand based upon the exacerbating effects of Plaintiff's obesity. The

---

[2]It appears that, due to a scrivener's error, Section II of the Commissioner's brief states that "The ALJ's failure to designate Plaintiff's carpal tunnel syndrome as 'severe' <u>was not</u> harmless error and does not support remand." (Doc. no. 17, p. 2.)

Commissioner bases his argument on a flawed understanding of this Court's prior decision in Wooten v. Astrue, CV 309-023, doc. no. 13, *adopted by* doc. no. 17 (S.D. Ga. June 21, 2010). In Wooten, the plaintiff failed to present any evidence showing that she had been diagnosed with either arthritis or lumbar disc degenerative disease, or that her RFC was more limited than the ALJ indicated due to those undiagnosed conditions. Id., doc. no. 13, pp. 19-20.

Thus, the reason that the plaintiff in Wooten was required to show evidence that her RFC was more limited than indicated by the ALJ due to either arthritis or lumbar degenerative disc disease was because those conditions were undiagnosed. See id. at 20 ("As Plaintiff was never diagnosed with arthritis or lumbar degenerative disease and there is nothing in the record to support any further limitations in her RFC, the Court finds that the ALJ did not err by failing to consider the effects of those conditions along with her obesity." (emphasis added)). Here, not only was Plaintiff diagnosed with other conditions such as degenerative joint disease of the right knee, degenerative disc disease of the lumbar spine, and degenerative joint disease of the left foot 5th metatarsal-phalangeal joint, but the ALJ also found each of those conditions to be a severe impairment. R. 16. Therefore, the ALJ was bound to account for the exacerbating effects of Plaintiff's obesity on his other severe impairments in determining his RFC, as required by SSR 02-1p.[3] As such, the Commissioner's argument does not affect the Magistrate Judge's recommendation for

---

[3]SSR 02-1p explicitly states that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity." Thus, the Commissioner's argument that the Magistrate Judge's findings are "not supported by the record or applicable regulations or legal authority" is itself without support.

remand based on the ALJ's failure to evaluate how the exacerbating effects of Plaintiff's obesity on his other severe impairments affected his RFC.[4]

In sum, the Commissioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is **REVERSED** and this case is **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO ORDERED this 26th day of April, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[4] As explained, *supra*, the Commissioner's argument that the ALJ's failure to designate Plaintiff's carpal tunnel syndrome as a severe impairment was harmless error depends on a finding of error in the Magistrate Judge's recommendation for remand based on the ALJ's incomplete examination of the effects of Plaintiff's obesity. Thus, as the Court has adopted the Magistrate Judge's recommendation for remand based on the ALJ's incomplete examination of the effects of Plaintiff's obesity, the Commissioner's harmless error argument also fails to disturb the Magistrate Judge's analysis.

4